**WO**                                                                                                  JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald M. Amerson,<br><br>  Plaintiff,<br><br>v.<br><br>Yavapai County Board of Supervisors, et al.,<br><br>  Defendants. | No. CV-23-08069-PCT-MTL (MTM)<br><br>**ORDER** |

      On March 3, 2023, Plaintiff Ronald M. Amerson filed a pro se Complaint (Doc. 1-3 at 3-9) in the Superior Court of Yavapai County, Arizona, against numerous Defendants, including the Yavapai County Board of Supervisors and the Yavapai County Sheriff's Office. On April 13, 2023, Defendant Yavapai County Sheriff's Office filed a Notice of Removal (Doc. 1) and removed the case to this Court. On April 19, 2023, Defendants Yavapai County Board of Supervisors and Yavapai County Sheriff's Office filed a Motion to Dismiss (Doc. 3) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In a May 18, 2023 Order, the Court determined removal was proper and directed Plaintiff to serve or seek a waiver of service for each unserved Defendant. (Doc. 5.) Subsequently, the Court dismissed all Defendants, except the Yavapai County Board of Supervisors and the Yavapai County Sheriff's Office, for failure to serve. (Doc. 11.)

---

      [1] Although Defendants refer to Rule 12(b)(1) of the Federal Rules of Civil Procedure, they do not present any argument that the Court lacks jurisdiction over this case.

Plaintiff was informed of his rights and obligations to respond to Defendants' Motion to Dismiss (Doc. 6), and he filed a Response (Doc. 12) opposing the Motion. Defendants have filed a Reply (Doc. 13). The Court will grant the Motion to Dismiss and will dismiss the Complaint without prejudice and with leave to amend.

**I.  Complaint**

In the Complaint, Plaintiff alleges that on March 14, 2022, Defendant Yavapai County Sheriff's Office ("YCSO") detained Plaintiff against his will and transported him from his residence without cause or permission. Plaintiff claims YCSO inflicted mental distress/intentional infliction of emotional distress and harm by falsely imprisoning, arresting, and kidnapping him. Plaintiff asserts YCSO also failed to provide medical treatment for a laceration on his right hand and treatment for his chronic breathing problems. Plaintiff further alleges that YCSO denied him his prescribed Zoloft, which caused him "great and permanent damage," and assigned Plaintiff to an upper-level cell despite his difficulty walking. As his injury, Plaintiff claims he suffered "physical shaking" due to the failure to provide him Zoloft, permanent fears and anxiety, physical trauma to his knee and hip, and loss of pleasure and enjoyment.[2]

Plaintiff asserts a Fourteenth Amendment claim based on a "state-created danger" theory. He also asserts state-law claims of kidnapping, false imprisonment, slander, defamation of character, and medical malpractice. Plaintiff seeks monetary relief in the amount of $150,000,000.00.

**II.  Legal Standards**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining

---

[2] It is unclear whether Plaintiff was charged with any crime or how long he was in the custody of the YCSO.

whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se litigant, the court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

**III. Discussion**

**A. Parties' Contentions**

In their Motion to Dismiss, Defendants assert that the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, the Yavapai County Sheriff's Office is a non-jural entity under federal and state law, Plaintiff fails to allege a plausible *Monell* claim against the Yavapai County Board of Supervisors, and the Yavapai County Board of Supervisors cannot be held vicariously liable for Plaintiff's state-law claims based on the alleged conduct of YCSO personnel.

In his Response, Plaintiff argues that because this Court "accept[ed] and transferr[ed] this case" from state court to this Court, the Court has "acknowledged jurisdiction." Plaintiff asserts that Defendants "acknowledged" jurisdiction and his Fourteenth Amendment claim by removing the case to this Court because "[h]ad there been no claim, the request to dismiss would have taken place in the prior court/jurisdiction."

Plaintiff contends he has stated multiple claims for which relief can be granted, and YCSO has denied him access to any records, including video, body camera footage, audio records, transcriptions, "written or other evidence," and documents under the Freedom of Information Act. Plaintiff argues that YCSO has claimed the information cannot be released because "this is an ongoing investigation," but according to Plaintiff, "this is an attempt to deny [him] access to proof of these wrongdoings."

### B. Federal Claims

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### 1. Defendant YCSO

Defendant YCSO is not a proper defendant because it is a "non-jural entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. The Court will dismiss Defendant YCSO.

#### 2. Defendant Yavapai County Board of Supervisors

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello*

*v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Yavapai County Board of Supervisors maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendant Yavapai County Board of Supervisors.

### C. State-Law Claims

The Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because Plaintiff's federal claims have been dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice); *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (noting court need not provide reasons for declining supplemental jurisdiction pursuant to § 1367(c)(3)). Thus, the Court will dismiss Plaintiff's state-law claims.

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and will dismiss the Complaint without prejudice and with leave to amend.

## IV. Leave to Amend

Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or

rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff files an amended complaint, he should be aware that "[f]alse arrest, a species of false imprisonment, is the detention of a person without his consent and without lawful authority." *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1064 (D. Ariz. 2012) (quoting *Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985)), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013). Under Arizona law, false imprisonment and false arrest consist of non-consensual detention of a person "without lawful authority." *Slade v. City of Phx.*, 541 P.2d 550, 552 (Ariz. 1975). "Reflective of the fact that false

imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato,* 549 U.S. 384, 389 (2007) (emphasis in original).

To state a § 1983 claim for false arrest, a plaintiff must show that defendants made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). "'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)); *see also Edgerly v. City & County of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers'] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))). "[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect *for any criminal offense*, regardless of their stated reason for the arrest." *Edgerly*, 599 F.3d at 954 (emphasis added). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

"[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) ("Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest."). "Thus . . . '[i]f there was probable cause for any of the charges made . . . then the *arrest*

was supported by probable cause, and the claim for false arrest fails.'" *Price*, 256 F.3d at 369 (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *see also Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (no unconstitutional seizure where police had probable cause to arrest plaintiff for one offense, even if police lacked probable cause to arrest for a second offense).

The Ninth Circuit Court of Appeals has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). To state a medical care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 3).

(2) Defendants' Motion to Dismiss (Doc. 3) is **granted**. The Complaint (Doc. 1-3 at 3-9) is **dismissed** without prejudice.

(3) Within **30 days** of the filing date of this Order, Plaintiff may file an amended complaint that cures the deficiencies identified in the Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 7th day of December, 2023.

Michael T. Liburdi
United States District Judge